***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted June 14, affirmed August 16, 2023

Rebecca UNGER,
*Petitioner-Respondent,*

*v.*

Michael McCORMICK,
*Respondent-Appellant.*

Jackson County Circuit Court
18DR16401; A178376

Charles G. Kochlacs, Judge.

Jamie Hazlett argued the cause and filed the reply brief for appellant. On the opening brief was Garrett Ramsey.

George W. Kelly argued the cause and filed the brief for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Father appeals from a supplemental judgment regarding the custody, parenting time, and child support of the nine-year-old child he shares with mother, raising three assignments of error. We affirm.

Under a 2019 judgment, mother was awarded custody of the child and father had parenting time under the parenting plan. At that time, the parties lived about four hours away from each other. In April 2021, mother informed father that she and her husband were planning to move with the child to La Grande, about eight to nine hours away from father's home in southern Oregon. Mother filed a notice of intent to change residence, and father filed a motion for custody "in the event that [mother] continues to relocate," for an increase in parenting time, and for modification of child support. After a hearing, the trial court denied father's motion for custody but granted father three additional weeks of parenting time each summer. The court also set mother's income at zero for child support purposes but reduced father's income to account for the increased travel expenses incurred as a result of mother's relocation.

*Substantial Change in Circumstances*: Father's first assignment of error argues that the trial court erred in determining that mother's relocation was not a substantial change in circumstances. A parent seeking to modify a custody judgment bears the burden to show both the existence of a substantial change in circumstances since "the last order affecting custody" and, if such a change exists, that it would be in the child's best interests to modify the custody judgment in the way sought by the moving party. *Boldt and Boldt*, 344 Or 1, 9, 176 P3d 388, *cert den*, 555 US 814 (2008). Relocation of one parent constitutes a substantial change in circumstances only when it has "a significant adverse effect on one or both parents' capacity to care for the children." *Hamilton-Waller and Waller*, 202 Or App 498, 507, 123 P3d 310 (2005). In reviewing the trial court's custody determination, we are bound by the trial court's findings of fact that are supported by any evidence in the record, and we review

its legal conclusions for errors of law.[1] *Slaughter and Harris*, 292 Or App 687, 688, 425 P3d 770 (2018).

Here, the trial court determined that father did not prove a substantial change in circumstances because, although mother's relocation increased the child's commute, father's parenting time "remain[ed] largely intact," and he "was never involved in the day-to-day parenting time routine." Having reviewed the record, keeping in mind the legal principles and standards of review discussed above, we conclude that the trial court did not err.

*Best Interests*: In his second assignment of error, father contends that the trial court erred in its best interests determination related to modifying the parenting plan; in father's view, the court failed to determine whether the relocation was in the child's best interests. *See Fedorov and Fedorov*, 228 Or App 50, 62-63, 206 P3d 1124, *rev den*, 347 Or 42 (2009) (in the context of a dispute over the parenting plan, "the dispositive question is whether the relocation is in the best interests of the child"). Alternatively, father appears to argue that the trial court abused its discretion in finding that relocation was in the child's best interests. We review for legal error "whether the trial court applied the correct legal standard in making the challenged 'best interests' determination." *Finney-Chokey and Chokey*, 280 Or App 347, 360, 381 P3d 1015 (2016), *rev den*, 361 Or 100 (2017). We then review the court's best-interests determination itself for an abuse of discretion, and "we will reverse only if [the] trial court's discretionary determination [was] not a legally permissible one." *Sjomeling v. Lasser*, 251 Or App 172, 187, 285 P3d 1116, *rev den*, 353 Or 103 (2012). "[W]e will uphold the trial court's findings of facts if there is any evidence in the record to support them[.]" *Botofan-Miller and Miller*, 365 Or 504, 505-06, 446 P3d 1280 (2019) (citation omitted). "[I]f the trial court failed to articulate its factual findings on a particular issue, we assume that the trial court decided the facts in a manner consistent with its ultimate conclusions, as long as there is evidence in the record *** that would support its conclusion." *Id.* at 506.

---

[1] Father asks us to exercise our discretion to review *de novo*, a standard reserved for "exceptional cases." *See* ORS 19.415(3)(b); ORAP 5.40(8)(c). We decline to do so because we are not persuaded that this is such a case.

Here, the trial court expressly found that it would "be in the child's overall best interest under the circumstances" to remain with her "custodial parent and primary caregiver." Mother's husband testified that he had been seeking employment for about nine months, withdrawing from his retirement fund in the meantime, and that the first job offer he received was in La Grande. Mother testified that with husband's new salary and the housing market in La Grande compared to southern Oregon, the family could afford to live in a larger home in a nice neighborhood, and she could stay home to care for the child and the child's infant sibling. As a result, we disagree with father's assertion that the court did not address the child's best interests and conclude that the trial court did not abuse its discretion in finding that the move was in the child's best interests.

*Child Support*: In his third assignment of error, father challenges the trial court's child support calculation. As noted, the court set mother's income at zero for child support purposes but reduced father's income to account for the increased travel expenses incurred as a result of mother's relocation. We are bound by the trial court's findings of historical fact if they are supported by any evidence in the record and review the court's legal conclusions for errors of law. *Bock and Bock*, 249 Or App 241, 242, 275 P3d 1006 (2012). In calculating child support, the court "*may* impute potential income" to a parent whose actual income is less than their potential income. OAR 137-050-0715(6)[2] (emphasis added); *see also Adams and Adams*, 274 Or App 423, 427-28, 360 P3d 742 (2015) (describing the methodology for determining a parent's income). Here, the trial court set mother's income at zero "because that is her actual employment income, and the court considers she has a 1[-]year[-]old and is pregnant." Given that the trial court may—but is not required to—impute potential income, that was not error.

Affirmed.

---

[2] Until 2013, the rules required the court to apply a presumption that a person's income was potential income in certain circumstances, including when the parent was unemployed. OAR 137-050-0715(6) (2012), *amended by* DOJ 3-2013, DOJ 8-2016, DOJ 2-2020; *see also* 52 Or Bull 53 (June 1, 2013) (describing the amendment as "adding more flexibility for using imputed and actual income").