No. 76                February 7, 2024                593

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of
Kiwani Elizabeth UTZMAN,
nka Kiwani Elizabeth Statzer,
*Petitioner-Respondent,*
*and*
Cody William UTZMAN,
*Respondent-Appellant.*
Benton County Circuit Court
18DR02879; A177805

Locke A. Williams, Judge.

Submitted January 12, 2024.

Kimberly A. Quach and Quach Family Law, P.C., filed the brief for appellant.

No appearance by respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

Supplemental judgment reversed and remanded as to award of parenting time; otherwise affirmed.

**EGAN, J.**

Father appeals from a supplemental judgment, assigning error to the trial court's rejection of his request for modification of the parties' stipulated judgment of dissolution so as to award him custody of the parties' five-year-old daughter. He also challenges the trial court's modification of the parenting time provisions of the dissolution judgment's parenting plan.[1] We conclude that the trial court did not err or abuse its discretion in rejecting father's request for a change in custody. But we conclude that the court did abuse its discretion in its modifications of the parenting plan; we therefore reverse that portion of the judgment and remand for reconsideration.

At the time of the parties' stipulated judgment of dissolution in March 2019, mother lived in Albany, Oregon, and father lived in Monroe, Oregon; we take judicial notice that at that time, their residences were approximately 32 miles apart. The judgment included a provision requiring the parties to notify each other "of any planned relocation that is more than 60 miles away at least 45 days prior to the planned relocation." *See* ORS 107.159.[2]

The parenting plan provisions of the stipulated judgment provided that mother was solely responsible for major decisions concerning the child:

> "[Mother] will make major decisions concerning the child. Decisions regarding the child's education, non-emergency healthcare, hair length, body piercing, tattooing, religious training, driving permit/license, employment, membership in organizations, military service, and marriage as a minor are considered major decisions to be made by [mother]. This includes the selection of the child's counselor (if any), medical providers, school, and religious education program."

---

[1] The supplemental judgment also modified child support, but father does not challenge that modification on appeal.

[2] ORS 107.159(1) provides:

"In any court order or judgment granting custody of a minor child and parenting time or visitation rights relating to the child, except for an order under ORS 107.700 to 107.735, the court shall include in its order a provision requiring that neither parent may move to a residence more than 60 miles further distant from the other parent without giving the other parent reasonable notice of the change of residence and providing a copy of such notice to the court."

Thus, under the parenting plan, mother was solely responsible for making decisions relating to the child's education and for selecting the child's school. However, the parties anticipated that the child would attend a Waldorf School in Corvallis, Oregon, through the eighth grade. The parenting plan included a statement to that effect. The judgment also stated that "[i]t is anticipated by both parents that the child will attend Waldorf Schools until the end of 8th grade."

Mother decided to move with the child from Albany to her hometown of Springfield, Oregon, where she has many relatives, a short additional distance from father's home in Monroe, but approximately 20 miles further from father's residence in Corvallis, Oregon, where he subsequently moved.

Father was strongly committed to continuing the child's education at the Corvallis Waldorf school. In August 2019, after mother gave notice of her intention to move, father filed a motion seeking primary custody of the child if mother continued in her plan to relocate to Springfield, so that the child could continue to attend the Corvallis Waldorf school. Suspecting that mother had already relocated to Springfield, father also requested that the court issue a *status quo* order. The trial court issued that order in November 2019, requiring mother to maintain an Albany residence with father's sister.

Although mother had already moved to Springfield, after the issuance of the *status quo* order, she began to stay with her sister-in-law in Albany during her parenting time. In response to father's motion to change custody, mother argued that it was in the child's best interest that mother continue to have primary custody in Springfield. She testified that she no longer embraces the Waldorf education philosophy and felt that the school was not as rigorous as it could be academically. She believed that the child could benefit from a more structured learning environment. Although her first preference was to homeschool the child using an online program, she was also willing to enroll the child in the Eugene Waldorf school to comply with father's desire to continue the child's education at a Waldorf school. Mother argued further that it was in the child's best interests that her relocation

to Springfield be approved, so that the child could develop a bond with her new half-sibling and her many other family members in Springfield. Mother suggested that if the child attended the Eugene Waldorf school, father could have parenting time each weekend, from Friday after school to Monday morning, with the exception of one weekend per month.

The trial court told the parties at the conclusion of the hearing that the case presented "a difficult web to untangle." In a letter opinion, the court determined that mother's relocation had effected a substantial change in circumstances. But the court nonetheless adhered to the original custody award, concluding that sole custody with mother was in the child's best interests.

The parenting plan of the dissolution judgment had awarded parenting time to father on alternating weekends and two nights each week. In light of mother's relocation to Springfield, Oregon, and the increased distance between the parties' homes, the court eliminated father's mid-week parenting time, effectively reducing father's parenting time to alternating weekends.

In his first two assignments, father challenges the trial court's determination that mother should continue to have custody despite her decision to relocate to Springfield, Oregon. He contends in his first assignment that the trial court committed legal error by impermissibly weighing mother's relocation to Springfield in her favor in the custody determination without giving adequate consideration to her violation of a *status quo* order, which father contends should have weighed against her continued custody.

We reject father's first assignment of error. Father did not seek an order holding mother in contempt for the alleged violation of the *status quo* order, and the trial court made no finding that mother was in violation of the *status quo* order. Father has not presented any argument persuading us that the trial court erred in failing to address the alleged violation. And contrary to father's contention, mother's life-style choices, including her decision to move to Springfield, do not weigh against her in the custody determination,

unless they cause emotional or physical damage to the child. *Miller and Miller*, 269 Or App 436, 443, 345 P3d 472 (2015) (trial court erred in granting custody to father based on mother's choices to move the children 15 miles away from their former home to live with a trusted friend, to continue her college education, and to have a baby with her boyfriend, who did not have a visible means of support or a driver's license). There is no evidence of such damage in the record. We conclude that the trial court did not commit legal error in failing to weigh against mother her decision to relocate to Springfield or her alleged violation of the *status quo* order.

Father contends in his second assignment that, in determining that it was in the child's best interests to remain in mother's custody despite her move to Springfield, the court erred in "Impermissibly Focus[ing] Nearly Exclusively On The Fact Of Mother's Move To Allow The Relocation." Father's argument effectively asks us to reweigh the evidence and second guess the trial court's finding that continuing mother's custody was in the child's best interests. We do not do that under our standard of review, which is for an abuse of discretion. *Nice v. Townley*, 248 Or App 616, 623, 274 P3d 227 (2012). We conclude that there is no basis in the record to conclude that the trial court erred in its consideration of the relevant factors that bear on custody or abused its discretion in determining that it was in the child's best interests to remain in mother's custody. Thus, we reject the second assignment.[3]

At the hearing, mother testified that, despite the provisions of the parties' parenting plan, she no longer embraces the Waldorf philosophy and would like to

---

[3] The parties appear to assume that mother's move from Albany to Springfield constituted a "relocation" for purposes of determining custody of the child. However, under ORS 107.159(1) and the stipulated judgment of dissolution, mother had no obligation to provide father with notice of her move less than 60 miles. Thus, we do not view this as a relocation case, which would require an analysis of whether the move itself was in the child's best interests. *See, e.g.*, *Fedorov v. Fedorov*, 228 Or App 50, 63, 206 P3d 1124, *rev den*, 347 Or 42 (2009) (evaluating whether mother's move from Florence, Oregon, to Australia, was in child's best interests); *see also Unger v. McCormick*, 327 Or App 543, 544 (2023) (nonprecedential memorandum opinion) (evaluating as "relocation" mother's move that increased the child's commute between parents from four to eight or nine hours).

homeschool the child, but that she would be willing to enroll the child in a Eugene Waldorf school if the court were to order her to do so. In its judgment, the trial court deleted the provisions of the parenting plan relating to the Waldorf school in Corvallis, leaving in place the provision stating that mother will determine where the child attends school. The court did not order that the child attend the Eugene Waldorf school. In his third assignment, father contends that the court erred in modifying the parties' stipulated judgment by deleting the provisions relating to the Waldorf School in Corvallis.

We conclude that the court did not err. The stipulated parenting plan did not include a provision stating that it was not subject to modification; indeed, it was father who initiated the modification. Additionally, the parenting plan provided explicitly that mother, having sole custody, would determine the child's school. In light of mother's authority under the parenting plan to determine where the child would go to school, her move to Springfield, as well as her statements, expressed at the hearing, that she would like to home school the child, we conclude that the trial court did not err in removing from the parenting plan the provisions relating to the Corvallis Waldorf school.

The parents had agreed at the hearing that father's parenting time should not be reduced; mother requested that parenting time be "as close to 50 fifty as possible." The trial court was skeptical that it could make that plan with the parents living 50 miles apart. Because of the increased travel distance, the court determined that it was in the child's best interests to reduce father's parenting time by eliminating his mid-week overnight parenting time.

In his fourth assignment of error, father challenges the trial court's reduction of his parenting time. A trial court's decision on parenting time is a matter of discretion that we review for an abuse of discretion. *Murray and Murray*, 287 Or App 809, 814, 403 P3d 473 (2017). The court explained that the reduction was necessitated by the additional travel time between the parents' homes. However, the parties here *agreed* that father's parenting time should not be reduced. The record does not include evidence that

the parents were unwilling to accommodate that distance or that the additional travel time would be detrimental to the child. In light of the parties' willingness and desire to provide father with close to equal parenting time, we agree with father that a reduction in his parenting time constituted an abuse of discretion, and we therefore remand for reconsideration so as to increase father's parenting time.

Supplemental judgment reversed and remanded as to award of parenting time; otherwise affirmed.